UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WANDA ROGERS,<br><br>        Plaintiff,<br>    vs.<br>COLLECTO, INC. d/b/a EOS CCA,<br><br>        Defendant. | CASE NO. 14cv2287-WQH-JLB<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Motion to Dismiss filed by Defendant Collecto, Inc. (ECF No. 2).

**I. Background**

On February 13, 2014, Plaintiff, proceeding pro se, initiated Case Number 14-cv-01003-WQH-JLB against Defendant by filing a complaint in San Diego County Superior Court, Small Claims Court, against Defendant Collecto, Inc. ("Collecto"). *See Rogers v. Collecto, Inc.*, No. 14-cv-01003-WQH-JLB (S.D. Cal.) ("*Rogers I*"), ECF No. 1 at 6-8. The complaint contained a single allegation: "[Defendant] place[d] a negative rating on [my] credit without providing notification [in] writ[ing] allowing for me to dispute." *Id.* at 7. The complaint indicated that this event took place on February 9, 2014. The complaint requested $10,000. On April 21, 2014, Defendant removed the action to this Court on the basis of federal question jurisdiction. *Id.*, ECF No. 1. On April 28, 2014, Defendant filed the Motion to Dismiss for failure to state a claim upon which relief may be granted. *Id.*, ECF No. 2. Plaintiff did not oppose Defendant's motion to dismiss. On

July 11, 2014, the Court granted Defendant's motion to dismiss due to Plaintiff's "failure to file an opposition." *Id.*, ECF No. 5 at 2.

On July 21, 2014, Plaintiff, proceeding pro se, initiated this action by filing a Complaint in San Diego County Superior Court, Small Claims Court, against Defendant. (ECF No. 1-1 at 4-6). The Complaint contains a single allegation: "[Defendant] failed to notify consumer of my right to dispute and obtain verification of my debt, and to obtain the name of the original creditor. 809. Validation of debts {15 USC 1692g} and Rosenthal Fair Debt Collection Practices Act." *Id.* at 5. The Complaint indicates that this event took place on February 9, 2014. The Complaint requests $10,000. On September 26, 2014, Defendant removed this action to this court on the basis of federal question jurisdiction. (ECF No. 1). On October 3, 2014, Defendant filed the Motion to Dismiss (ECF No. 2), accompanied by a request for judicial notice. (ECF No. 3). On November 11, 2014, Defendant filed a declaration in lieu of a reply. (ECF No. 6). The docket reflects that no opposition has been filed.

**II. Discussion**

Defendant requests dismissal of the Complaint on the grounds that it is barred by *res judicata* and that it fails to state a claim. Defendant requests attorneys' fees as a sanction against Plaintiff for "continuing to prosecute claims that she knows fail as a matter of law" and prosecuting this action in bad faith. (ECF No. 2-1 at 7-8). Defendant submits the Declaration of Tamar Gabriel in order to demonstrate Plaintiff's bad faith.

**A. Motion to Dismiss**

A district court may properly grant an unopposed motion pursuant to a local rule where the local rule permits, but does not require, the granting of a motion for failure to respond. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (affirming dismissal for failing to oppose a motion to dismiss, based on a local rule providing that "[t]he failure of the opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute consent to the granting of the motion"). Civil Local Rule 7.1 provides: "If an opposing party fails to file the papers in the manner required by Civil

1  Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or
2  other request for ruling by the court." S.D. Cal. Civ. Local Rule 7.1(f)(3)(c). "Although
3  there is ... a [public] policy favoring disposition on the merits, it is the responsibility of
4  the moving party to move towards that disposition at a reasonable pace, and to refrain
5  from dilatory and evasive tactics." *In re Eisen*, 31 F.3d 1447, 1454 (9th Cir. 1994)
6  (quoting *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991)) (affirming
7  dismissal for failure to prosecute).

8       The docket reflects that Plaintiff has failed to file an opposition as required by
9  Civil Local Rule 7.1.e.2. The Court construes Plaintiff's failure to oppose the Motion to
10 Dismiss as "a consent to the granting of" the Motion to Dismiss. S.D. Cal. Civ. Local
11 Rule 7.1(f)(3)(c). The Court further concludes that "the public's interest in expeditious
12 resolution of litigation," "the court's need to manage its docket," and "the risk of
13 prejudice to the defendants" weigh in favor of granting the Motion to Dismiss for failure
14 to file an opposition. *Ghazali*, 46 F.3d at 53. Defendant's Motion to Dismiss is granted.

15      **B. Motion for Attorneys' Fees**

16      Defendant moves for attorneys' fees and costs as a sanction pursuant to the Court's
17 inherent authority. Defendant contends that Plaintiff is prosecuting this action in bad
18 faith after failing to prosecute her prior lawsuit. Defendant submits the Declaration of
19 Tamar Gabriel ("Gabriel Declaration") in support of its motion. Tamar Gabriel states
20 that, on October 1, 2014, Plaintiff left Tamar Gabriel a voice mail stating: "Hi, this is
21 Wanda Rogers. I'm excited about you doing this notice of removal ... I won't respond
22 to anything because it'll have the same outcome and I'll keep doing the same thing and
23 then we'll end up with a different judge at every turn ... So, I'm excited because they
24 (unclear) keep spending their money with you and that's just a wonderful thing. So, I'm
25 excited..." (ECF No. 2-2 at 2). Defendant contends that this voice mail is "indicative of
26 [Plaintiff's] bad faith...." (ECF No. 2-1 at 8). Defendant contends that it is compelled
27 to defend itself against Plaintiff's bad faith lawsuit.

28      "[A] court may assess attorney's fees when a party has acted in bad faith,

1  vexatiously, wantonly, or for oppressive reasons.... The imposition of sanctions in this
2  instance transcends a court's equitable power concerning relations between the parties
3  and reaches a court's inherent power to police itself, thus serving the dual purpose of
4  vindicat[ing] judicial authority without resort to the more drastic sanctions available for
5  contempt of court and mak[ing] the prevailing party whole for expenses caused by his
6  opponent's obstinancy." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) (citing
7  *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258-59 (1975) and *Hutto
8  v. Finney*, 437 U.S. 678, 689 (1978)) (internal quotations omitted). In the Ninth Circuit,
9  "conduct must constitute or be tantamount to bad faith" for inherent power sanctions to
10 be imposed. *Fink v. Gomez*, 239 F.3d 989, 993 (9th Cir. 2001). Bad faith includes a
11 "broad range of willful improper conduct." *Id.* at 992. Non-frivolous actions can
12 constitute bad faith where "substantially motivated by vindictiveness, obduracy, or mala
13 fides." *Id.* (quoting *In re Itel Sec. Lit.*, 791 F.2d 672, 675 (9th Cir. 1986). Reckless
14 actions suffice when combined with "an improper purpose." *Id.* at 993.

15        Plaintiff has filed two nearly identical actions in San Diego County Superior Court,
16 Small Claims Court that she has failed to prosecute, once the claims were removed to this
17 Court. Defendant has presented evidence that may demonstrate that Plaintiff's failure to
18 prosecute is willful and done for the improper purpose of causing Defendant to incur
19 litigation-related expenses.

20        Defendant's request for attorneys' fees pursuant to the Court's inherent authority
21 is denied at this stage in the proceedings. Plaintiff is instructed that repeated filings of
22 cases against Defendant, if Plaintiff's intention of doing so is "vindictive," rather than for
23 the proper purpose of prosecuting a case, may be grounds for sanctions. *See Fink*, 239
24 F.3d at 992-93.
25 ///
26 ///
27 ///
28 ///

**III. Conclusion**

IT IS HEREBY ORDERED that the Motion to Dismiss is GRANTED. (ECF No. 2). The Complaint is DISMISSED without prejudice. IT IS FURTHER ORDERED that Defendant's motion for attorneys' fees is DENIED. (ECF No. 2).

DATED: December 5, 2014

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge